IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08-CR-00027-KDB-DCK-4

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| OSCAR HERNANDEZ | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant *pro se* for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 329).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is less.

Here, defendant requested compassionate release from the warden via email on August 7, 2021. (Doc. No 329, Exhibit 1). Defendant is premature in filing this motion with this Court as thirty days has not elapsed. Likewise, the defendant does not provide BOP medical records to substantiate his alleged medical issues. Therefore, the Court will not consider the merits of his claim. *United States v. Raia,* 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where defendant did not seek relief from BOP).

**IT IS, THEREFORE, ORDERED**, that the defendant's *pro se* motion for compassionate release (Doc. No. 329), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: August 25, 2021

Kenneth D. Bell
United States District Judge